**STEVEN M. SCHAFFER, ESQ.**
1170 Commerce Ave.
Bronx, New York 10462
(917) 331-7111
Stevenmschaffer@yahoo.com

MICHAEL HILLER, ESQ.
WEISS & HILLER, PC
600 Madison Ave.
New York, New York 10022

LAUREN RUDICK, ESQ.
WEISS & HILLER, PC
600 Madison Ave.
New York, New York 10022

June 24, 2013
BY E-MAIL VIA ECF FILING

**RE: AMERICAN STEVEDORING INC. v. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION ET. ALS. AND MICHAEL FARINO v. SABATO CATUCCI, ET. ALS**
**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 13-cv-0918 (the "Action")**

RE:  DEMAND FOR WITHDRAWAL OF MICHAEL HILLER, ESQ., LAREN RUDICK, ESQ., AND WEISS & HILLER, PC AS ATTORNEYS IN THE ACTION FOR  DISQUALIFICATION UNDER DR 5-101 (B), DR 5-102 (A)  AND (B) AND RULE 3.7


Dear Attorneys Hiller and Rudick,

     The undersigned attorney for Michael Farino in the above-referenced action here make demand That you withdraw, promptly, as attorneys for any party in the Action and proceedings first- above- referenced.  This is a letter demand, which would be followed in the absence of a withdrawal upon consent only by scheduling an appropriate motion before the Court for disqualification. Reference to the relevant rules is only for the purpose of identification of the basis upon which this demand is made, and equally, upon which basis in law, of a subsequent motion for determination of the issue of disqualification, on motion before the Court,  to the extent such motion may be necessary,  will be Based.

     The matter of your prompt withdrawal as attorneys in the Action is particularly urgent as the Court has ordered a joint letter be submitted July 11, 2013 , the matter of your impending withdrawal or disqualification must be addressed at this point in time-----prior to proceedings into discovery in the Action.

Pursuant to the Rules governing the conduct of attorneys DR 5-101 (B), DR 5-102 (A)  and (B) and RULE 3.7  you are required to, and must withdraw as attorneys in the Action as you are clearly and unequivocably witnesses in the Action who will be called to testify regarding numerous matters as to the up to approximately 30 million dollar settlement from the Port Authority effected by your firm, by Michael Hiller, Esq. personally in a prior 2010/2011 proceedings as attorneys for American Stevedoring Inc. before the Federal Maritime Commission, regarding the lists of creditors provided in relation thereto, regarding Michel Hiller, Esq.'s and the firms acts as Escrow Agent of the settlement proceeds, regarding acts, events and occurrences caused and done by Michael Hiller, Esq., and Lauren Rudick, Esq. in the administration of the fund, the listing or non-listing of creditors,  payment and non-payment of creditors, regarding correspondence by letter, and e-mail, and telephone discussions related thereto, regarding checks and wire transfers from the fund, and all documents in your possession (which you will be required to produce)  regarding the settlement, the settlement fund, and all communications with Sabato Catucci,  ASI, the creditors and other matters…………..this list is exemplary and not a complete list of issues which Michael Hiller, Esq., and Lauren Rudick Esq. will be called to give testimony, similarly a short list of the documents that will be requested under the Rules  at your depositions and at trial in the Action.

Please advise your intentions on this matter as soon as you advise your client and as practicable, or This matter need be worked into the July 11 submission to the Court for scheduling of an appropriate motion for disqualification..

The Rules and Decisions are as follows:

RULES

NY DR 5-101(B) prohibits a lawyer from accepting a case where it is obvious that the lawyer should be called as a witness, except concerning certain enumerated matters, *e.g.*, uncontested issues, matters of family or legal services rendered, or where disqualification would work a "substantial hardship" on the client. NY DR 5-102(A) requires a lawyer to �withdraw as an advocate before the tribunal� if it becomes apparent, after the case has been accepted, that the lawyer may be called as a witness in favor of a client.

NY DR 5-102(B) requires a lawyer and his firm to withdraw from acting as an advocate before a tribunal where it becomes apparent that the lawyer or his firm may be called as a witness and his testimony may be prejudicial to the client.  FN1

RULE 3.7.   (Adpoted May 2013)
Lawyer As Witness
(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
(1) the testimony relates solely to an uncontested issue;
(2) the testimony relates solely to the nature and value of legal services rendered in the matter;
(3) disqualification of the lawyer would work substantial hardship on the client;

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
(5) the testimony is authorized by the tribunal.
(b) A lawyer may not act as advocate before a tribunal in a matter if:
-43-(1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
(2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

**DECISIONS**

Disqualification Ordered Where Lawyer Was Potential Witness: See **Kubin v. Miller, 801 F. Supp. 1101 (S.D.N.Y. 1992)** (under NY DR 5-102(A), lawyer who personally drafted written agreements relevant to the action and had unique knowledge of the situation underlying the dispute was disqualified from representing corporate and individual defendants in action for fraud, conversion, breach of contract, and breach of fiduciary duty because the lawyer "ought to be called as a witness"); **Fairview v. Old Westfield, L.P. v. European American Bank, 186 A.D.2d 238, 588 N.Y.S.2d 339 (2d Dept. 1992)** (under DR 5-102(b), trial court properly disqualified law firm representing plaintiffs in action for breach of loan agreement, where partner in firm played major role in negotiation of loan agreement and would be called by witness for defendants, and where his testimony might be prejudicial to plaintiffs).

Yours, Etc.

Steven Schaffer, Esq.

---

1... if a firm has accepted a case before learning that one of its lawyers may be called as a witness against the client, then the situation is governed by NY DR 5–102(B). NY DR 5–102(B) requires a lawyer to �withdraw from acting as an advocate before the tribunal� if, *after* the lawyer has already accepted a matter, it becomes apparent that either the lawyer or any other lawyer in the firm �may� be called by another party to testify in a way that �may� harm the client.