**MEMO ENDORSED**

**WEISS & HILLER, PC**
*Attorneys at Law*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/26/2013

Direct email: lrudick@weisshiller.com
Website: www.weisshiller.com

Facsimile: (212) 753-4530

August 6, 2013

*Via Electronic Mail  (Failla_NYSDChambers@nysd.uscourts.gov)*

Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse, Room 618
40 Foley Square
New York, New York 10007

    Re:   *American Stevedoring, Inc. v. Int'l. Longshoremen's Ass'n., et al.*
            Civil Action No.: 13-Civ-0918 (PGG) (DCF)

Dear Judge Failla:

    We represent plaintiff, American Stevedoring, Inc. ("American") and third-party defendants, Sabato and Keith Catucci, in the above-referenced action. We write to request an order, directing "key players" in this litigation to preserve, and to refrain from the destruction of, any evidence, physical or electronic, that is potentially relevant to this litigation.

    As Your Honor is aware, this case is approximately six (6) months old, and discovery has been stayed during the pendency of the parties' anticipated motions to dismiss. As the briefing schedule for these motions indicates, it is probable that discovery will not commence until Spring, 2014. Given this inevitable passage of time, we are concerned that evidence may be lost or destroyed during the interim.

    Furthermore, absent discovery, we are deprived of the opportunity to evaluate defendants' respective document retention policies. It is possible that such policies provide for the destruction of physical or electronic documents and other evidence after two years, and/or that electronic data might be scheduled for routine deletion and/or back-up during the pendency of the motions to dismiss.* Accordingly, it is critical that the parties be directed to halt any routine business practices

---

*We ask that "electronically stored data" be given the broadest possible interpretation, and include, *inter alia*, digital communications (*e.g.*, voice mail, email, and instant messaging); word processed documents (*e.g.*, Word and Word Perfect documents and drafts); spreadsheets and tables (*e.g.*, Excel or Lotus worksheets); accounting application data (*e.g.*, Quickbooks, Money, Peachtree data files), image and facsimile files (*e.g.*, PDF, TIFF, JPG, and GIF files); sound recordings (*e.g.*, MP3 and WAV files), databases (*e.g.*, Oracle, Access, and Server data); contract and relationship management data (*e.g.*, Outlook and ACT); calendar and diary application data (*e.g.*, Outlook, Yahoo!, blog tools); online access data (*e.g.*, temporary Internet files, history, and cookies); presentations (*e.g.*, Powerpoint and Corel presentations); network access and server activity logs, project management application data; and back up and archival

Honorable Katherine Polk Failla
August 6, 2013
page 2

with respect to, *inter alia*, old-fashioned paper preservation, server back up tape rotation, electronic data shredding, scheduled destruction of back-up media, reimaging of computer drives, drive hardware exchanges, sale, gift or destruction of computer systems and disk defragmentation and maintenance routines.  Affirmative steps should be taken to avoid anyone with access to defendants' data from seeking to modify, destroy, or hide electronic evidence on network or local hard drives.

In addition, any direction to preserve evidence should extend to the custodians of all discoverable data, for the time period during which American was targeted by defendants for ouster at the Ports concerning, *inter alia*: interactions and communications with American; the predicate acts enumerated in the Amended Complaint; and the organization and hierarchy of the "Enterprise" American identified in its Amended Complaint.  We anticipate that the "custodians" of such data and evidence are, but are not limited to: managing and executive offices of the defendant unions and trusts, the individual defendants and their administrative staff, defendants' human resources departments, and those persons or business units responsible for collective bargaining, payroll, security, benefits, and job assignment within the defendant unions and/or trusts.**

We respectfully request that defendants be directed to act diligently and in good faith to comply with the order directing non-spoliation without delay and that defendants be further directed to confirm, within 20 days, that they have taken the steps outlined herein to preserve all information and evidence relevant to this lawsuit. Thank you for your consideration.

Respectfully submitted,

*[signature]*

Lauren A. Rudick (LR 4186)

c:   Howard W. Goldstein, Esq.
     John Sheridan, Esq.
     Kevin Marrinan, Esq.
     Donato Caruso, Esq.
     James R. Campbell, Esq.
     Stephen Davis, Esq.
     Steven M. Schaffer, Esq.

```
The Court trusts that ALL counsel are aware
of, and have taken affirmative steps to
discharge, their professional obligation to
ensure that evidence is preserved during the
pendency of this litigation. No order is
necessary.
```

Dated: August 26, 2013
New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

** We are aware that "ghosting" or "back ups" are common procedures utilized to preserve electronic data stored on hard drives.  We are also aware that conventional "ghosting" captures merely active data files and may not preserve forensically significant data that may exist in other spaces. Accordingly, any conventional "ghosting" or "back ups" employed by defendants will be insufficient [continued] files (*e.g.*, zip and GHO).